IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: NATCO, INC.,<br><br>    **Debtor** | Case No. 2:09-bk-52145<br>**Chapter 11** |
| NATCO, INC.,<br><br>    **Plaintiff,**<br><br>v.<br><br>HONORABLE DOROTHY M. LUNDIN, CLERK OF THE 25th JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES; ENVIRONMENTAL OPERATORS, L.L.C; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA; PLAQUEMINES PARISH GOVERNMENT,<br><br>    **Defendants.** | Adversary Proceeding No. 09-05047 |

### ANSWER TO CROSS-CLAIM FOR INTERPLEADER

COMES NOW, Travelers Casualty and Surety Company of America ("Travelers"), Defendant and Cross-Defendant in this matter, and submits this Answer to the Cross-Claim for Interpleader filed by Defendant Dorothy M. Lundin, Clerk of the 25th Judicial District Court for the Parish of Plaquemines ("State District Court"), respectfully answering as follows:

1. Travelers admits Paragraph 1 of the Cross-Claim for Interpleader.

2. Travelers admits that it issued a surety bond (the "Bond") on behalf of Debtor and that the Bond speaks for itself. Travelers states that any written agreement between Debtor and Environmental Operators speaks for itself. Travelers is without sufficient information to admit or deny any remaining allegations set forth in Paragraph 2 of the Cross-Claim for Interpleader.

3. Travelers admits that Environmental Operators recorded an Affidavit and Statement of Amount Due in the Plaquemines Parish, Louisiana public records on or about June 6, 2007. As to any remaining allegations set forth in Paragraph 3 of the Cross-Claim for Interpleader, Travelers is without sufficient information to admit or deny the same.

4. Travelers admits the allegations set forth in Paragraph 4 of the Cross-Claim for Interpleader.

5. Travelers admits that the Clerk of the District Court is holding the funds that were interplead in the state court litigation. Travelers further asserts that it has a priority interest in the funds being held over both NACTO and Environmental Operators. Travelers is without sufficient information to admit or deny any further allegations set forth in Paragraph 5 of the Cross-Claim for Interpleader.

6. Travelers states that Fed. R. Civ. Proc. 22(a)(2) and Fed. R. Bankr. Proc. 7022 speak for themselves.

7. Travelers admits that NATCO and Environmental Operators have each made a claim to the funds remaining in the Registry of the District Court (the "Registry Funds"). Travelers further states that it holds a priority interest over the Registry Funds pursuant to its rights of equitable subrogation, its status as the beneficiary of an express trust established under the Indemnity Agreement executed by Debtor on November 27, 2006 (the "Indemnity Agreement"), and the equitable rights acknowledged by the Agreed Order entered by this Court on June 3, 2009 (Main Case No. 09-51245, Docket No. 48).

More specifically, as the surety for the Debtor, Travelers has an equitable subrogation interest in contract balances (now the Registry Funds), which interest is superior to any interest

held by the Debtor's estate or any other creditors thereof. Moreover, by executing the Indemnity Agreement, NATCO agreed among other things that:

> 9. <u>Trust Fund</u>: All payments due or received for or on account of any Contract, whether or not in the possession of any Indemnitor shall be held in trust as trust funds by Indemnitors for the benefit and payment of all obligations for which [Travelers] as beneficiary may be liable under any Bond. [Travelers] may open a trust account or accounts with a bank for the deposit of the trust funds. Upon demand, Indemnitors shall deposit therein all trust funds received. Withdrawals from such trust accounts shall require the express consent of [Travelers].

Therefore, the Indemnity Agreement (1) creates a contractual right of indemnification and/or subrogation on behalf of Travelers; (2) imposes an express trust on bonded contract balances for the benefit and payment of all obligations for which Travelers may be liable under any Bond; and (3) grants Travelers a security interest in all contract rights and proceeds.

Finally, the Agreed Order entered by this Court on June 3, 2009 (Main Case No. 09-51245, Docket No. 48) recognizes Travelers' priority interest in bonded contract proceeds, as the surety issuing bonds on behalf of Debtor. Pursuant to the Agreed Order, the Registry Funds should be paid to Travelers until all bonded obligations are satisfied. Therefore, to the extent the Registry Funds are interplead into this Court, any claims to the interplead funds will be subject to Travelers' equitable rights and interests therein, and distribution of any interplead funds may not occur until a final determination of those interests.

With specific regard to any claim to the Registry Funds that NATCO asserts, under the Bankruptcy Code, § 541(d), "[p]roperty in which the debtor holds...only legal title and not an equitable interest...becomes property of the estate...only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." Therefore, if the Registry Funds are interplead into this Court's registry, NATCO may not use said funds for general operational expenses until the interpleader action has been

resolved in its entirety and any claims of Travelers are released or finally determined to be unenforceable or discharged.

8.  Any allegation set forth herein that is not specifically answered by the foregoing is hereby denied.

### FIRST AFFIRMATIVE DEFENSE

Travelers holds a priority interest over all other claims to the Registry Funds, pursuant to Travelers' rights of equitable subrogation. As the surety for the Debtor, Travelers has an equitable interest in contract balances (now the Registry Funds), which interest is superior to any interest held by the Debtor's estate or any other creditors thereof.

### SECOND AFFIRMATIVE DEFENSE

Travelers holds a priority interest over all other claims to the Registry Funds, pursuant to Travelers' trust fund rights under the Indemnity Agreement executed by Debtor on November 27, 2006, in favor of Travelers. The Indemnity Agreement (1) creates a contractual right of indemnification and/or subrogation on behalf of Travelers; (2) imposes an express trust on bonded contract balances for the benefit and payment of all obligations for which Travelers may be liable under any Bond; and (3) grants Travelers a security interest in all contract rights and proceeds.

### THIRD AFFIRMATIVE DEFENSE

Travelers holds a priority interest over all other claims to the Registry Funds, pursuant to Travelers' equitable rights under the Agreed Order entered by this Court on June 3, 2009 (Main Case No. 09-51245, Docket No. 48). The Agreed Order recognizes Travelers' priority interest in bonded contract proceeds, as the surety issuing bonds on behalf of Debtor. Pursuant to the

Agreed Order, the Registry Funds should be paid to Travelers until all bonded obligations are satisfied.

### **FOURTH AFFIRMATIVE DEFENSE**

To the extent the Registry Funds are property of the estate, Debtor holds only legal title to said Funds, and therefore, if turned over from the Louisiana State Court, the Funds must be set aside in favor of Travelers' priority equitable interest in the Funds.

**WHEREFORE, PREMISES CONSIDERED**, Travelers requests that if the Registry Funds are interplead, this Court enter judgment in favor of the Travelers such that the Travelers may recover the full amount of its claim from the interpleaded funds, and for such other, further, and general relief as this Honorable Court may deem just and proper.

Respectfully submitted,

*/s/ Jeffrey S. Price*

**JEFFREY S. PRICE**
**REBECCA B. HOWALD**
**MANIER & HEROD, P.C.**
150 4th Ave. North, Suite 2200
Nashville, TN  37219
Tel.:    (615) 244-0030
Fax:    (615) 242-4203
jprice@manierherod.com
rhowald@manierherod.com

**Counsel to Travelers Casualty and Surety Company of America**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer to the Complaint was served upon the parties listed below, in the manner so indicated, on this the 16th day of September, 2009:

**VIA CM/ECF:**

Fred M. Leonard on behalf of Debtor NATCO, Inc.
fredmleonard@earthlink.net

Mark S. Dessauer on behalf of Cross-Claimant Honorable Dorothy M. Lundin, Clerk of the 25th Judicial District Court For the parish Of Plaquemines
dessauer@hsdlaw.com, bchase@hsdlaw.com

**VIA U.S. MAIL**

| | |
|---|---|
| Marcus Giusti | Michael L. Mullins |
| 2201 Ridgelake Drive, First Floor | 8056 Hwy 23, Suite 300 |
| Metarie, LA 70007 | Belle Chase, LA 70037 |
| *on behalf of Defendant Environmental Operators, LLC* | *on behalf of Defendant Plaquemines Parish Government* |

*/s/ Jeffrey S. Price*

Jeffrey S. Price