

**SIGNED this 17 day of December, 2009.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

**[This opinion is not intended for publication as the precedential effect is deemed limited.]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re | |
| NATCO, INC. | No. 09-51245 |
| Debtor. | Chapter 7 |
| DAVID H. JONES, Trustee | |
| Plaintiff, | |
| vs. | Adv. Pro. No. 09-5047 |
| HONORABLE DOROTHY M. LUNDIN, Clerk of the 25th Judicial District Court for the parish of Plaquemines; ENVIRONMENTAL OPERATORS, L.L.C.; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA; PLAQUEMINES PARISH GOVERNMENT, | |
| Defendants. | |

## M E M O R A N D U M

APPEARANCES:

Fred M. Leonard, Esq.
27 Sixth Street
Bristol, Tennessee 37620
*Attorney for David H. Jones, Trustee*

Richard M. Martinez, Esq.
228 St. Charles Ave, Suite 1310
New Orleans, Louisiana 70130
*Attorney for Environmental Operators, LLC*

**Marcia Phillips Parsons, United States Bankruptcy Judge**.  In this adversary proceeding, the plaintiff chapter 7 trustee for the bankruptcy estate of NATCO, Inc. seeks the turnover pursuant to 11 U.S.C. §§ 542 and 543 of certain funds held by the clerk of the 25th Judicial District Court for Plaquemines Parish in Louisiana pending resolution of a Louisiana state court action.  Presently before the court is the motion of the defendant Environmental Operators, L.L.C. to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).  In the alternative, Environmental Operators requests dismissal so that the parties' dispute may be resolved in the pending Louisiana state court action. For the reasons discussed hereafter, Environmental Operators' motion will be denied.

I.

On August 29, 2005, Hurricane Katrina hit the Gulf Coast of the United States, bringing devastation to many areas, one of which was Plaquemines Parish, Louisiana.  Facing substantial clean-up, on March 22, 2007, the Parish executed a publicly-funded contract with the debtor NATCO, a Tennessee corporation in the business of disaster recovery.  Under this contract, NATCO was to remove storm debris from the Parish, which involved the clean-up and disposal of creosote timbers, a toxic, hazardous substance used widely throughout the area.  Upon completion of the work, the Parish was to pay NATCO the negotiated amount of $697,203.  A surety bond was issued by Travelers Casualty and Surety Company of America ("Travelers") in the amount of $697,203.00 securing the performance of NATCO.

In order to carry out the work required under the contract, NATCO subcontracted with Environmental Operators for the disposal of the creosote timbers at Environmental Operators' landfill located in Venice, Louisiana.  After the disposal was completed, a dispute arose between NATCO and Environmental Operators as to whether Environmental Operators was to be compensated on a fixed sum basis as opposed to a price per cubic yard of debris accepted.  NATCO argued that the parties' agreement provided for a payment of $25 per cubic yard of creosote debris, and that because Environmental Operators disposed of 8,622 cubic yards the amount owed to Environmental Operators was $215,550.  Environmental Operators, however, contended that the parties' agreement provided for payment of a flat fee of $375,000.  To secure payment from the funds that the Parish had agreed to pay NATCO, Environmental Operators filed a lien in the public records of the Parish under the Louisiana Public Works Act and on July 18, 2007, filed a Petition

2

for Amounts Due and to Enforce, Recognize and Maintain Lien and Privilege in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana (the "Parish Court"), naming NATCO, Travelers, the Parish, and David Cooper, a principal of NATCO, as defendants.  In that action, the Parish filed and was granted its request to deposit the remaining amount due under the Parish's contract with NATCO, the sum of $444,720.30, into the registry of the Parish Court.

On June 23, 2008, over the objection of NATCO, the Parish Court granted Environmental Operators' motion for summary judgment.  Upon appeal, however, the Fourth Circuit Court of Appeals for the State of Louisiana vacated the Parish Court's judgment and remanded the action for further proceedings consistent with its ruling.  Without addressing the merits of the action, the state court of appeals held that the Parish Court erred in granting judgment one day before the scheduled trial date, in contravention of Louisiana Code of Civil Procedure 966(D) which requires summary judgment to be rendered at least ten days prior to trial.  While the appeal was pending, the Parish Court granted the defendants' request that the lower amount that NATCO maintained that it owed Environmental Operators, the $215,550 sum, be disbursed to Environmental Operators from the Parish Court registry.

Before the Parish Court could reconsider the parties' dispute on remand, NATCO filed on May 7, 2009, in this court a petition for bankruptcy relief under chapter 11.  On July 7, 2009, NATCO commenced the instant adversary proceeding. On August 28, 2009, the defendant Dorothy M. Lundin, clerk of the Parish Court, filed an answer and crossclaim for interpleader, requesting permission to interplead into the registry of this court the funds remaining in the Parish Court's registry after the $215,550 payment to Environmental Operators previously directed by the Parish Court.  By agreed order entered September 23, 2009, funds in the amount of $233,684.17 were transferred this court, and the clerk was dismissed as a defendant from this proceeding.

On October 5, 2009, NATCO's chapter 11 case was converted to chapter 7, and David H. Jones was appointed chapter 7 trustee.  By order entered November 9, 2009, Mr. Jones was substituted as the plaintiff in this adversary proceeding.

In its motion to dismiss filed September 25, 2009, Environmental Operators contends that this court lacks personal jurisdiction over it because it does not have minimum contacts with the state of Tennessee.  Environmental Operators states that it is a Louisiana limited liability company

domiciled in Belle Chasse, Louisiana, that it does no business in the state of Tennessee, and that it should not be forced to litigate in a Tennessee forum a lawsuit over a contract executed in Louisiana for work to be performed in Louisiana.  In the same vein, Environmental Operators argues that venue is improper in Tennessee, and that the only proper venue is in the state of Louisiana.  Lastly, Environmental Operators maintains that this court should dismiss this adversary proceeding so that the parties' dispute can proceed to resolution in the Parish Court.  Each of these arguments will be addressed in turn.

## II.

Regarding the issue of personal jurisdiction, this court must first observe that Environmental Operators' contacts, or lack thereof, with the state of Tennessee is not relevant to the issue of whether this court has personal jurisdiction over Environmental Operators in this adversary proceeding.  As explained by the Sixth Circuit Court of Appeals on three different occasions, the minimum contacts standard articulated in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945), applies only to the power of state courts and federal courts sitting in diversity to compel the presence of non-resident defendants through the forum state long-arm service of process statute.  *Med. Mut. of Ohio v. deSoto,* 245 F.3d 561, 567-68 (6th Cir. 2001); *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir. 1993); *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 824-26 (6th Cir. 1981). It has no applicability to an action where service of process is effected pursuant to a federal statute which provides for nationwide service of process.  *Id.*  "In other words, when a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has sufficient minimum contacts with the United States." *Med. Mut. of Ohio v. deSoto*, 245 F.3d at 568.

In the bankruptcy context, nationwide service of process is provided by Federal Rule of Bankruptcy Procedure 7004(d).  *See* Rule 7004(d) ("Nationwide Service of Process.  The summons and complaint and all other process except a subpoena may be served anywhere in the United States.").  Although the three Sixth Circuit cases cited above pertained to nationwide service of process provisions other than Rule 7004(d), this court, as well as others within the circuit, has previously recognized their equal applicability to the bankruptcy service provision. See *Tipton v. Adkins (In re Tipton)*, 257 B.R. 865, 870-73 (Bankr. E.D. Tenn 2000) (citing, inter alia, *Warfield v.*

*KR Entertainment (In re Fed. Fountain, Inc.)*, 165 F.3d 600 (8th Cir. 1999); *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619 (4th Cir. 1997)); *Stickel v. Finkelstein (In re Huffy)*, 358 B.R. 724, 733 (Bankr. S.D. Ohio 2006).

In addition to its service of process provision, Rule 7004 of the Federal Rules of Bankruptcy Procedure also confers personal jurisdiction over defendants in a bankruptcy action, subject to certain specified requirements.  Subdivision (f) of Rule 7004 provides:

> (f) Personal Jurisdiction.  If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F. R. Civ. P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code or arising in or related to a case under the Code.

In essence, personal jurisdiction under this rule is a three-part test: (1) the defendant has been properly served; (2) the case is one under the Bankruptcy Code, a civil proceeding arising under the Bankruptcy Code, or a proceeding arising in or related to a case under the Bankruptcy Code; and (3) the court's "exercise of jurisdiction is consistent with the Constitution and the laws of the United States." *In re Tipton*, 257 B.R. at 870.

As to the first requirement, whether Environmental Operators has been properly served, Rule 7004(b)(3) provides that service may be made within the United States by first class mail postage prepaid upon a corporation by mailing a copy of the summons and complaint to the attention of an officer, a managing agent or to any other agent authorized by appointment or law to receive service of process. *See* Fed. R. Bankr. P. 7004(b)(3).  The docket in this proceeding reflects that Environmental Operators was served with a copy of the complaint and summons on July 22, 2009, via certified mail through its registered agent, Paul G. Guidry, the day after the clerk issued an alias summons.  Thus, service would appear to be proper.  Moreover,  Rule 12(h)(1)(B) of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7012(b), provides that a party waives the defense of insufficient process or service of process by failing to raise it by motion.  Environmental Operators has not challenged the sufficiency of process or service thereof in its motion to dismiss.  Accordingly, the court concludes that Environmental Operators was properly served and that, therefore, the first requirement of personal jurisdiction has been met.

The second requirement of Rule 7004(f)'s personal jurisdiction test is that the proceeding

in which jurisdiction is sought must be "a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code." This language largely mirrors the grant of subject matter jurisdiction over bankruptcy matters given to the district court in 28 U.S.C. § 1334(a) and (b), which provide for original jurisdiction over all cases under title 11 of the United States Code and all civil proceedings arising under title 11, or arising in or related to cases under title 11. *In re Tipton,* 257 B.R. at 871. Thus, in order to exercise personal jurisdiction over a party, the court must also have subject matter jurisdiction over the action. *Id.*

Environmental Operators does not assert in its motion to dismiss that this court lacks subject matter jurisdiction over the parties' dispute. And, subject matter jurisdiction is readily apparent. Section 1334 grants jurisdiction to the district court over four types of bankruptcy matters: (1) cases under title 11, i.e., the bankruptcy case itself; (2) proceedings arising under title 11; (3) proceedings arising in cases under title 11; and (3) proceedings related to cases under title 11. *See* 28 U.S.C. § 1334(a) and (b); *see also Beneficial Nat. Bank USA v. Best Reception Sys., Inc. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 942 (Bankr. E.D. Tenn. 1998). These first three categories are designated by 28 U.S.C. § 157(b) as "core proceedings." Included within the list of core proceedings identified in § 157(b)(2) are "allowance or disallowance of claims against the estate . . ." and "orders to turn over property of the estate." *See* 28 U.S.C. § 157(b)(2)(B) and (E). In the present action, there is no dispute that the balance owed NATCO under its contract with the Parish, i.e., NATCO's contract right, is property of its bankruptcy estate. *See* 11 U.S.C. § 541(a) (defining "property of the estate" in part as "all legal or equitable interests of the debtor in property as of the commencement of the case"); *see also Am. States Ins. Co. v. Glover Construction Co. (In re Glover Construction Co.)* 30 B.R. 873 (Bankr. W.D. Ky. 1983) (proceeds earned under construction contract are property of the estate). As demonstrated by the Parish's interplead of the funds owed to NATCO under their contract, first into Parish Court and now into this court, the Parish does not argue that NATCO has breached its contract in some respect such that it is not entitled to full payment under the parties' agreement. Rather, the fly in the ointment is the lien claim of Environmental Operators against NATCO's contract right, which such claim has, heretofore, held up distribution of the contract proceeds. Resolution of Environmental Operators' claim to part of NATCO's funds is a core proceeding over which this court has subject matter jurisdiction. *See Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Group (In re Premier Hotel Dev. Group)*, 270 B.R. 243, 251-52 (Bankr. E.D. Tenn. 2001) (determination of extent or priority of mechanic's lien

against property of the estate is "central function of bankruptcy law" and subject to court's core jurisdiction).

The court now turns to the third component of the personal jurisdiction analysis, which asks whether the exercise of jurisdiction is consistent with the Constitution and laws of the United States. To the extent Environmental Operators' minimum contacts argument has relevance, it is at this juncture.  According to Environmental Operators, because its dispute with NATCO arises out of a contract executed and performed in Louisiana, forcing it to litigate the parties' dispute in this jurisdiction, a bankruptcy court in Tennessee, would violate "traditional notions of fair play and substantial justice."  *Smith v. Home Depot USA, Inc.* 294 Fed. Appx. 186, 189 (6th Cir. 2008) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

While this court is not unsympathetic to Environmental Operators' argument, there are no constitutional or statutory impediments to this court's exercise of jurisdiction in this proceeding. As previously noted, when nationwide service of process is authorized by a federal statute, the courts look at whether the defendant has minimum contracts with the United States as a whole, not the defendant's contacts with the state in which the federal court sits.  *Med. Mut. of Ohio v. deSoto*, 245 F.3d at 567-68.  As explained by one court of appeals addressing the issue, "there is nothing in the Constitution which forbids Congress to enact that a federal trial court shall have the power to bring before it all the parties necessary to its decision."  *In re Fed. Fountain, Inc.*, 165 F.3d at 602. Because Environmental Operators, a Louisiana limited liability company, is a resident of the United States, the national standards test is indisputably met.  Accordingly, this court may exercise jurisdiction over Environmental Operators without violating the Constitution or laws of the United States.

Having found that Environmental Operators was properly served, that this action is a core proceeding over which the court has subject matter jurisdiction, and that the exercise of jurisdiction is not inconsistent with the Constitution or any laws of the United States, the court concludes that it has personal jurisdiction over Environmental Operators.  Accordingly, its motion to dismiss for lack of jurisdiction will be denied.

III.

Environmental Operators further moves for dismissal under Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.  Environmental Operators argues that the venue is improper because the suit involves contracts executed in Louisiana for work to be performed in Louisiana, and that other than NATCO, all parties are Louisiana residents.

Venue in this action is governed by 28 U.S.C. § 1409(a), which provides that except with respect to certain inapplicable exceptions, " a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."  Thus, venue of adversary proceedings is proper in the court where the bankruptcy case itself is pending.  1 *Collier on Bankruptcy* 4.02[1] (15th ed. rev. 2009) ("The general rule in section 1409(a) is that venue of civil proceedings is the court where the title 11 case is pending.").  NATCO's bankruptcy case is pending in this court, and there has been no allegation that venue of the bankruptcy case itself is improper.  Consequently, venue in this court is not improper for this adversary proceeding.  *See York v. Bank of Am., N.A. (In re York)*, 291 B.R. 806, 810 (Bankr. E.D. Tenn. 2003) (because venue of bankruptcy case had not been challenged and improper venue can be waived, court treated venue of case as proper and, accordingly, concluded that venue of adversary proceeding was proper).  Environmental Operators' motion to dismiss because of improper venue will be denied.

IV.

Environmental Operators further seeks dismissal of this matter because it was pending in the Parish Court prior to NATCO's bankruptcy filing.  Environmental Operators concedes that Rule 12(b) of the Federal Rules of Civil Procedure does not specifically list the existence of a prior pending action as a ground for dismissal, but asserts that Rule 12 does not provide an exhaustive list of all possible preliminary motions.  As an alternative to dismissal, Environmental Operators asserts that this dispute should be transferred to the Parish Court where it can be resolved quickly.  Although not articulated as such, in essence, what Environmental Operators seeks is that this court abstain from resolving from the parties's dispute.

Abstention in bankruptcy matters is governed by 28 U.S.C. § 1334(c), which provides:

(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under tile 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

This court has previously observed that "'[s]ubsection (c)(1) [of § 1334] addresses those situations when courts may abstain from hearing a proceeding while subsection (c)(2) defines those situations when courts must abstain from hearing a proceeding. The former is known as permissive abstention while the latter is referred to as mandatory abstention." *Kirk v. Hendon (In re Heinsohn),* 231 B.R. 48, 60 (Bankr. E.D. Tenn. 1999) (quoting *In re Best Reception Sys., Inc.,* 220 B.R. at 942).

The Sixth Circuit Court of Appeals has explained that in order for mandatory abstention to apply to a particular proceeding, there must be a timely motion by a party to that proceeding, and the proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding. *Lindsey v. Dow Chemical Co. (In re Dow Corning Corp.),* 113 F.3d 565, 569 (6th Cir. 1997). As previously concluded, this proceeding is a core proceeding, involving resolution of a claim against the bankruptcy estate. Accordingly, mandatory abstention is inapplicable.

With respect to permissive abstention under subsection § 1334(c)(1), a court may abstain from hearing either a core or non-core proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1); *see In re Heinsohn,* 231 B.R. at 60. Although a court may raise the issue of permissive abstention *sua sponte, see In re Best Reception Systems, Inc.,* 220 B.R. at 952 (citing *In re Dow Corning Corp.,* 86 F.3d at 497), courts are not to use permissive abstention lightly, and should resort to it only in the "exceptional circumstances where the order to the parties to repair to the State Court would clearly serve an important countervailing interest." *Tremaine v. Tremaine (In the Matter of Tremaine),* 188 B.R.

380, 384 (Bankr. S.D. Ohio 1995). When determining whether permissive abstention should be utilized, courts have considered the following factors: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties. *In re Best Reception Sys., Inc.*, 220 B.R. at 953 (citing *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc., (In re Republic Reader's Serv., Inc.)*, 81 B.R. 422 (Bankr. S.D. Tex. 1987)).

With respect to the impact of abstention on the administration of the bankruptcy estate, the court is concerned that abstention in this proceeding would result in greater cost to the estate and is not otherwise convinced that the additional cost would be offset by a speedier resolution of the allowability of Environmental Operators' claim against the estate. Upon abstention, the chapter 7 trustee would be compelled, to the detriment of other creditors of the estate, to hire Louisiana counsel to represent him in the state court action. And, while the state court has already ruled on Environmental Operators' summary judgment motion, there is no evidence before the court as to how quickly the matter could be placed back on the Louisiana state court docket for resolution. In contrast, the funds which are at the center of the dispute are currently held by this court, all parties are now before the court with the opportunity to be heard, and this court can readily adjudicate the matter because its docket is not overburdened. Accordingly, the administration process would be more efficiently promoted by not abstaining.

Although the disposition of this proceeding will likely turn upon the resolution of state law issues, "[t]he mere presence of state law issues . . . does not generally warrant abstention." *In re Statewide Pools, Inc.*, 126 B.R. 877, 883 (Bankr. S.D. Ohio 1991) (quoting *Harley Hotels, Inc. v. Rain's Int'l, Ltd.*, 57 B.R. 773, 781 (M.D. Pa. 1985)). Generally, bankruptcy courts will only abstain

if the proceeding will involve state law issues which are unsettled or of "substantial public import." *Id.* (citation omitted). Here, the court is not faced with unsettled law or issues of substantial public import. Rather, the court will be called upon to apply settled and well-developed contract principles. Thus, although adjudication of the matter will be based predominately upon state law issues, abstention is not necessary.

Lastly, there is no indication that NATCO was forum shopping in initiating this adversary proceeding. Nor was a request for a jury trial made, either in the Parish Court or in this proceeding. Based on all of the foregoing, this court concludes that this is not one of the "exceptional circumstances" which clearly warrants abstention to "serve an important countervailing interest." *See In the Matter of Tremaine*, 188 B.R. at 384. Accordingly, Environmental Operators' request for dismissal or transfer to the Parish Court will be denied.

V.

This court having determined that it has personal jurisdiction over Environmental Operators, that venue is not improper, and that dismissal and abstention due to the pending litigation in Louisiana are not required, Environmental Operators' motion to dismiss will be denied. The court will enter an order consistent with this memorandum opinion.

# # #